UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| HICA EDUCATION LOAN CORP., | No. C 11-5135 CW (MEJ) |
| Plaintiff, | **REPORT & RECOMMENDATION RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| KATHERINE C. ESLAO, | **Docket No. 8** |
| Defendant. _____/ | |

**I. INTRODUCTION**

In this action for failure to make payments on loans administered under the Health Education Assistance Loan (HEAL) Program, Plaintiff HICA Education Loan Corporation (Plaintiff) moves for an entry of default judgment against Defendant Katherine C. Eslao (Defendant). Dkt. No. 8. On January 4, 2012, the Honorable Claudia Wilken, the presiding judge in this case, referred Plaintiff's motion to the undersigned to prepare a report and recommendation. Dkt. No. 13. Defendant has failed to respond to Plaintiff's motion or otherwise appear in this action, and the undersigned therefore VACATES the March 15, 2012 hearing. For the following reasons, the undersigned **RECOMMENDS** that the Court **GRANT** default judgment against Defendant.

**II. BACKGROUND**

Dating back to December 9, 1991, Defendant signed promissory notes pursuant to the United States Health Education Assistance Loan (HEAL) Program, 42 U.S.C. § 292, et seq., and the Federal

1  Regulations set forth in 42 C.F.R. Part 60. Compl. ¶ 6, Dkt. No. 1. Plaintiff, who is the holder of
2  these promissory notes (Notes), describes them as follows:

| Note # | Date | Stated Amount | Payee |
|---|---|---|---|
| 1 | October 20, 1993 | $20,000.00 | The Chase Manhattan Bank, N.A. |
| 2 | November 10, 1992 | $20,000.00 | Key Bank of Maine |
| 3 | March 2, 1992 | $16,904.00 | Key Bank of Maine |
| 4 | December 9, 1991 | $16,010.00 | Key Bank of Maine |

*Id*. ¶ 6, Exs. 1-4.

Plaintiff alleges that Defendant has failed to make all of the payments that are due and owing under the terms of the Notes and is therefore in default. *Id.* ¶ 10. According to Plaintiff's Complaint, Defendant owes the following amounts:

| Note # | Unpaid Principal | Accrued, Unpaid Interest Calculated Through June 30, 2011 |
|---|---|---|
| 1 | $17,331.71 | $1,825.82 |
| 2 | $17,839.91 | $1,838.50 |
| 3 | $16,080.09 | $1,679.77 |
| 4 | $15,584.59 | $1,627.47 |
| **Totals** | **$66,836.30** | **$6,971.56** |

*Id.* ¶ 12. In addition to the principal amounts owed, Plaintiff alleges that it is entitled to recover other charges, costs, and fees set forth in the Notes, including attorney's fees and all other fees, costs, and charges that are permitted by Federal regulations and necessary for the collection of any amount not paid when due. *Id.* ¶ 13.

On October 19, 2011, Plaintiff filed its Complaint seeking to collect on the debt owed by Defendant, as well as for associated costs and fees. Dkt. No. 1. On December 13, 2011, the Clerk of Court entered default against Defendant after she failed to make any appearance in this matter. Dkt. No. 7. Plaintiff subsequently filed the present motion for default judgment on December 28, 2011.

UNITED STATES DISTRICT COURT
For the Northern District of California

## III.  DISCUSSION

In its motion, Plaintiff argues that it is entitled to damages of principal in the combined amount of $66,836.30, and unpaid interest through December 5, 2011, in the combined amount of $7,876.65.

**A.  Jurisdiction and Service of Process**

When considering whether to enter a default judgment, a court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.")

    1.    Subject Matter Jurisdiction

District courts have original jurisdiction to hear civil cases arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Here, the Court has subject-matter jurisdiction because Plaintiff's claims arise under HEAL, 42 U.S.C. § 292, et seq., and therefore arise under federal law.

    2.    Personal Jurisdiction and Service of Process

As the party seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of establishing that this Court has personal jurisdiction over Defendant. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (citing *Data Disc, Inc. v. Sys. Tech Assocs.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). Here, the Court may exercise personal jurisdiction over Defendant because she resides in San Francisco. *Milliken v. Meyer*, 311 U.S. 457, 462-63 (1940) (A federal court can exercise personal jurisdiction as to persons domiciled within the forum state at the time the action is commenced.)

A court is also required to "assess the adequacy of the service of process on the party against whom default is requested." *Joe Hand Promotions, Inc. v. White*, 2011 WL 4406354, at *2 (N.D. Cal. Aug. 02, 2011). "Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive

service." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citations and quotations omitted).

Here, Plaintiff effectuated service of the summons and a copy of the Complaint by personal service at Defendant's residence on November 1, 2011.  Guerrini Decl. ¶ 3, Dkt. No. 6; Dkt. No. 4. Further, the Clerk of Court entered default against Defendant on December 13, 2011.  Dkt. No. 7. As such, the undersigned finds service of process on Defendant to be proper.

**B.    Legal Standard**

FRCP 55(b)(2) permits a court, following a default by a defendant, to enter a final default judgment in a case.  The court has discretion in determining whether to grant or deny a motion for entry of default judgment.  *Draper v. Coombes*, 792 F.2d 915, 924 (9th Cir. 1986) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980) ("The district court's decision whether to enter a default judgment is a discretionary one.")).

The Ninth Circuit has enumerated several factors which the court may consider in exercising its discretion as to whether an entry of default judgment is proper: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim and the sufficiency of the complaint; (3) the sum of money at stake; (4) the possibility of dispute concerning material facts; (5) whether default was due to excusable neglect; and (6) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

In applying this discretionary standard, the factual allegations contained in the plaintiff's complaint will be taken as true, except for those relating to the amount of damages.  *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *see also Kingvision Pay-Per-View, Ltd. v. Rivers*, 2000 WL 356378, at *1 (N.D. Cal. Mar. 28, 2000) ("Generally, upon an entry of default, the factual allegations of the plaintiff's complaint will be taken as true.").

Where a default judgment is granted, the scope of relief is limited by FRCP 54(c): "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

4

**C.    Application to the Case at Bar**

      1.    <u>Prejudice to Plaintiffs</u>

Under the first *Eitel* factor, the Court must examine whether Plaintiffs will suffer further prejudice if default judgment is not granted. *Eitel*, 782 F.2d at 1471-72. Here, Defendant has failed to make the required payments under the terms of the Notes. Thus, if the Court were to deny Plaintiff's motion, it "will likely be without recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Further delay or failure of Plaintiff securing a judgment decreases or eliminates the ability of Plaintiff to recover the amounts due from Defendant. Therefore, the first *Eitel* factor supports the granting of default judgment.

      2.    <u>Sufficiency of the Complaint and Likelihood of Success on the Merits</u>

The second and third *Eitel* factors address the sufficiency of Plaintiff's complaint and probability of success on the merits of their underlying claim. *Walters v. Statewide Concrete Barrier, Inc.*, 2006 WL 2527776, at *4 (N.D. Cal. 2006) ("A party seeking default judgment must state a valid claim upon which to recover.").

Here, as detailed above, Plaintiff has alleged that Defendant signed the Notes, that she defaulted under the terms of the Notes, that Plaintiff is the holder of the Notes and therefore entitled to receive the sums due thereunder, and Plaintiff is entitled to the damages it has suffered as a result of Defendant's default. Thus, Plaintiff has stated a valid claim and these factors weigh in Plaintiff's favor.

      3.    <u>The Sum of Money at Stake in the Action</u>

The fourth *Eitel* factor assesses the reasonableness of the potential award if a default judgment is entered against Defendant. In making this assessment, the Court must take into account the amount of money at stake in relation to the seriousness of the defendant's conduct. *Eitel*, 782 F.2d at 1471. If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, properly documented, and contractually justified, then default judgment is warranted. *Bd. of Trs. of Ca. Metal Trades v. Picometer Propeller*, 1997 WL 797922, at *2 (N.D. Cal. 1997).

UNITED STATES DISTRICT COURT
For the Northern District of California

In its motion, Plaintiff seeks damages of principal in the combined amount of $66,836.30, and accrued, unpaid interest through December 5, 2011, in the combined amount of $7,876.65. This sum is limited to the terms of the Notes. Further, the Notes each contain a provision for the accrual of interest at a variable rate, which rate is expressed in the Notes as a yearly rate of interest which is equal to a variable rate calculated by the Secretary of the Department of Heath and Human Services for each calendar quarter, and computed by determining the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned during the preceding quarter, plus three percent, rounding this figure up to the nearest one-eighth of one percent. Compl. ¶ 12; Zimmerman Decl. ¶¶ 2-5, Dkt. No. 8. Plaintiff states that interest was continuing to accrue after December 5, 2011 at the combined rate of $5.70 per day. Zimmerman Decl. ¶¶ 2-5.

Therefore, the undersigned finds that Plaintiff has adequately proven that the sum of money at issue is reasonably proportionate, properly documented, and contractually justified and weighs in favor of default judgment.

### 4. Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor considers the possibility of dispute as to any material facts of the case. Here, as discussed above, Plaintiff sufficiently alleged all the facts necessary to maintain its claim for relief under HEAL. As Defendant has made no attempt to challenge the accuracy of the Complaint, no dispute of material fact exists that would preclude the Court from granting Plaintiff's motion.

### 5. Possibility of Excusable Negligence

The sixth *Eitel* factor contemplates the possibility that Defendant's default was the result of excusable neglect. Under this analysis, the Court considers whether Defendant was put on adequate notice to apprise her of the pendency of this action. *Phillip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003). In addition, the Court also considers whether the circumstances surrounding Defendant's failure to answer the Complaint are sufficient to excuse or justify her default. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (default cannot be attributed to excusable neglect where defendants were properly served

with the complaint, the notice of entry of default, and the papers in support thereof).

In the instant case, Defendant was properly served with the Summons and Complaint. Dkt. 4. Thereafter, the Clerk of Court entered default and Plaintiff served its Motion for Default Judgment on Plaintiff. Dkt. Nos. 7, 8. Defendant did not file an opposition to Plaintiff's motion, nor has she made any appearance in this action. Consequently, Defendant had the ability and every reasonable opportunity to oppose the underlying action, and there are no grounds on which the undersigned finds that the default resulted from excusable neglect.

### 6. Policy for Deciding on the Merits

Under the final *Eitel* factor, the Court must consider the strong policy of the federal courts in favoring decisions on the merits. However, this policy is not dispositive; rather, the Court still has great latitude in exercising its discretion with regards to the relative weight of the remaining *Eitel* factors. *PepsiCo*, 238 F. Supp. 2d at 1177. Furthermore, the "defendant's failure to answer the plaintiff's complaint makes a decision on the merits impracticable, if not impossible." *Id*. As a consequence, the policy of favoring decisions on the merits does not necessarily preclude a court from granting a default judgment when the defendant fails to respond. *Walters*, 2006 WL 2527776, at *6. Here, Defendant has failed to participate in the proceedings brought against her, despite adequate notice and opportunity to do so. Thus, default judgment is appropriate despite the strong policy of the federal courts in favoring decisions on the merits.

### 7. Summary

Based on the analysis above, the undersigned finds that the *Eitel* factors weigh in Plaintiff's favor, and therefore **RECOMMENDS** that the Court **GRANT** Plaintiff's Motion and enter default judgment against Defendant.

### D. Relief Sought

Having found default judgment appropriate, the Court turns to the issue of damages. Plaintiff has the burden of proving damages through testimony or written affidavit. *Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005). Plaintiff seeks damages consisting of the unpaid principal that is due and owing on each of the

Notes, together with accrued (and accruing) unpaid interest. In support of its request, Plaintiff has submitted the Declaration of Robin Zimmerman, a Senior Litigation Analyst for Sallie Mae, Inc. Sallie Mae is the servicing agent for HICA Education Loan Corporation. Zimmerman Decl., Dkt. No. 8. In her declaration, Ms. Zimmerman attests to the amounts that are due and owing to Plaintiff as of December 5, 2011, and the interest that continues to accrue as of that date. Ms. Zimmerman's calculations are undisputed and match the calculations in Plaintiff's complaint and motion. Accordingly, the undersigned finds that Plaintiff is entitled to principal on the four Notes in the combined amount of $66,836.30, and accrued, unpaid interest through December 5, 2011, in the combined amount of $7,876.65.

Further, any judgment entered should bear interest from the date of judgment until paid in full. The promissory notes that form the basis of Plaintiff's claims each contain a provision for the accrual of interest at a variable rate, which rate is expressed in the Notes as a yearly rate of interest which is equal to a variable rate calculated by the Secretary of the Department of Heath and Human Services for each calendar quarter, and computed by determining the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned during the preceding quarter, plus three percent, rounding this figure up to the nearest one-eighth of one percent. Compl. ¶ 12; Zimmerman Decl. ¶¶ 2-5, Dkt. No. 8. Plaintiff states that interest was continuing to accrue after December 5, 2011 at the combined rate of $5.70 per day. Zimmerman Decl. ¶¶ 2-5.

## IV. CONCLUSION

Based on the analysis above, the undersigned **RECOMMENDS** that the Court **GRANT** Plaintiffs' Motion for Default Judgment and award damages as follows: (1) principal in the combined amount of $66,836.30; (2) accrued interest through December 5, 2011 in the amount of $7,876.65; and (3) interest from the date of judgment until paid in full at the rate expressed in the Notes as a yearly rate of interest which is equal to a variable rate calculated by the Secretary of the Department of Heath and Human Services for each calendar quarter, and computed by determining the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned during the preceding quarter, plus three percent, rounding this figure up to the nearest one-eighth of one

percent.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), a party may serve and file objections to this Report and Recommendation 14 days after being served.

**IT IS SO RECOMMENDED.**

Dated: March 7, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
For the Northern District of California